UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS DURNIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1808-AGF |
| | ) | |
| NATIONSTAR MORTGAGE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion for a more definite statement, pursuant to Rule 12(e). ECF. No. 6. For the reasons set forth below, the motion will be granted.

This diversity case arises out of a wrongful foreclosure action initially filed in state court in August 2018. Plaintiff's petition states that: he owned a condominium unit in St. Louis County; Defendant was the mortgagee under a deed of trust secured by a promissory note payable from Plaintiff to Defendant; Plaintiff was current in payments under the note or, alternatively, Defendant agreed to waive any delinquency and refrain from foreclosing; Plaintiff relied on that representation and made partial payments and improvements to the property; and Defendant nonetheless commenced foreclosure proceedings in December 2016.

Defendant removed the action to this Court and filed the present motion for a more definite statement insofar as Plaintiff's petition fails to attach or otherwise identify a deed

of trust, corresponding promissory note, or any other document enabling Defendant to evaluate the case and prepare a response.  Though Plaintiff's petition refers to a deed of trust attached as Exhibit A, Defendant avers that no such document accompanied the petition filed in state court.  Defendant further states that it attempted to contact Plaintiff's counsel to rectify the omission but did not receive a reply.  Consequently, the state case file submitted to this Court with Defendant's notice of removal lacks any particulars identifying the basis for Plaintiff's claim.  Nor does Plaintiff's petition supply any information regarding the alleged misrepresentation, such as who made it and when.  Plaintiff has not responded to the present motion, and the time to do so has passed.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  "Together these rules permit the court and the litigants to know, at the pleading stage, who is being sued and the grounds for same, thereby facilitating the just, speedy, and inexpensive determination of the action." *Bay Industries, Inc. v. Tru–Arx Mfg., LLC*, No. 06–C–1010, 2006 WL 3469599, at *1 (E.D. Wis. Nov. 29, 2006).

"Because of liberal notice pleading and the availability of extensive discovery, motions for a more definite statement are universally disfavored." *McCoy v. St. Louis Public Schools*, 4:11CV918 CDP, 2011 WL 4857931, at *2 (E.D. Mo. Oct. 13, 2011).  However, when a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite under Rule 12(e) before

responding." *Pfitzer v. Smith & Wesson Corp.*, 4:13-CV-676-JAR, 2014 WL 636381, at *1 (E.D. Mo. Feb. 18, 2014). "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." *Id.*

The Court finds Defendant's Rule 12(e) motion meritorious. The complaint omits basic facts necessary for Defendant to prepare an answer and identify potential procedural issues and possible defenses. Plaintiff's omission of the documents in question renders the complaint unanswerable.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion for a more definite statement is **GRANTED**. ECF No. 6. Plaintiff shall file an amended complaint no later than **April 26, 2019**. Failure to do so may result in dismissal.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of April, 2019.